NO. 07-08-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 1, 2008

_____

BARRY DWAYNE MINNFEE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,428-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Barry Dwayne Minnfee (appellant) has filed a document with this court entitled "Extra-notice requirements General Notice of Appeal Party's Right to Own Statement." In this document, appellant appears to be complaining of a judgment of conviction for aggravated assault signed on January 28, 2002. However, the document was filed on April 28, 2008. We dismiss the appeal for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed. TEX. R. APP. P. 26.2(a). No motion for new trial having been filed, appellant's notice of appeal was due to be filed February 27, 2002. Because the record discloses that appellant's notice of appeal was received on April 28, 2008, without seeking an extension of the deadline, TEX. R. APP. P. 26.3, the notice of appeal was late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id*. at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Brian Quinn
Chief Justice


Do not publish.

---

[1]The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).